**11 CIV 7061**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
SORAYA VAZQUEZ

           Plaintiff,          **CLASS ACTION COMPLAINT**

    v.                        **JURY TRIAL**

KIRSCHENBAUM & PHILLIPS, PC; and
KMT ENTERPRISES, INC.



           Defendants.
-------------------------------------------------X

## INTRODUCTION

1.  Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the defendants Kirschenbaum & Philips, PC ("Kirschenbaum") and KMT Enterprises, Inc. ("KMT"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue is proper in this district under 28 U.S.C. §1391 and personal jurisdiction in this District is proper because:

    a. The collection communication which gives rise to this case was received by plaintiff within this District;

    b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Soraya Vazquez, is a "consumer" as defined by the FDCPA.

6. Plaintiff incurred a "debt" as defined by the FDCPA as a result of purchases for household purposes and not business purposes..

7. Defendant, Kirschenbaum and defendant KMT, have a principal place of business at 3000 Hempstead Turnpike, 4th floor in Levittown, New York 11756.

8. Kirschenbaum is a law firm and collects debts allegedly owed to others and is a "debt collector" as defined by the FDCPA.

9. KMT is a buyer of defaulted debt, for which it pays, upon information and belief, less than ten cents on the dollar and then seeks to collect the full amount.

10. KMT is also a "debt collector" as defined by the FDCPA.

11. Both KMT and Kirschenbaum have licenses from the New York City Department of Consumer Affairs to be a debt collector.

12. The New York City Department of Consumer Affairs lists both defendants as having an address of 3000 Hempstead Turnpike in Levittown and both list the same phone number of (516) 746-1144.

13. Upon information and belief, this phone number belongs to the law office of Kirschenbaum and is answered by the law firm.

14. In the New York State Division of Corporations website, both companies are listed as having the same chairman/chief executive officer - Elliot Philips.

15. None of the exclusions which are listed in 1692a(6) apply to the defendants which would remove them from the definition of the term "debt collector".

16. Upon information and belief, the principals of Kirschenbaum are also owners of KMT.

17. Upon information and belief, at all relevant times, Kirschenbaum and KMT acted in concert in collecting this debt.

## FACTS

18. On or about June 25, 2011 and July 30, 2011, plaintiff received letters from Kirschenbaum which were mailed purportedly on behalf of KMT. **See Exhibit A**

19. In mailing these letters, defendants sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal credit card bill.

20. Each letter from Kirschenbaum refers to KMT as "our client".

21. The letter conveys the impression that Kirschenbaum is a law firm completely independent from KMT.

22. Upon information and belief, Kirschenbaum and KMT are not independent from one another.

23. KMT does not have an arm's length relationship with Kirschenbaum.

24. On information and belief, Kirschenbaum controls KMT.

25. The letter conveys that KMT has authorized Kirschenbaum to commence a lawsuit. Such a statement is the equivalent of giving permission to yourself do something and is intended to mislead the consumer into believing that KMT has retained or hired Kirschenbaum to collect the debt.

26. The least sophisticated consumer is the standard for assessing communications under the FDCPA.

27. The least sophisticated consumer is likely to understand the term "our client" to refer to an entity without the same ownership.

28. Kirschenbaum acting in concert with KMT sought to deceive and/or misrepresent to plaintiff the true relationship between the entities.

29. Kirschenbaum, the collection law firm, acting in concert with KMT, the debt buyer, did conceal the close association between the two entities.

30. Kirschenbaum, the collection law firm, acting in concert with KMT, the debt buyer, did not reveal the close association between the two entities.

31. A consumer is more likely to be frightened when a debt buyer such as KMT hires a law firm that has no relationship to itself to

collect the debt rather than when it hires a law firm such as Kirschenbaum which is extremely closely related to KMT to collect the debt.

32. KMT and Kirschenbaum acting in concert with Empire acted

intentionally at all relevant times in this action.

## VIOLATIONS ALLEGED

33. Plaintiff incorporates all of the proceeding paragraphs as though fully stated herein.

34. <u>Exhibit A</u> violates 15 U.S.C. §§1692 and 1692e.

Section 1692e provides:

### § 1692e.  False or Misleading Representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendants violated the above quoted provisions of the statute because the letter contained misleading information and deception.

36. Defendants are liable to plaintiff for statutory damages pursuant to 1692k.

37. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

38. The class consists of (a) all individuals (b) with a New York address (c) in which Kirschenbaum's records show that they were sent a letter from Kirschenbaum which was not returned by the Post Office (d) in the same form as either of the letters in **Exhibit A**.

39. The class is so numerous that joinder of all members is not practicable. The letters have bar codes which allow Kirschenbaum to get a discount on the postage. On information and belief, there are at least 40 members of the class

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether claiming that the client has authorized the law firm to bring suit when the client and the law firm are one and the same is deceptive under the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible;

  b. Members of the class are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against the defendants for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

Dated: New York, NY
October 5, 2011

## The Law Offices of Shimshon Wexler, PC

By: _____
Shimshon Wexler
2710 Broadway, 2nd Floor
New York, NY 10025
swexler@collectorabuselaw.com
(212)760-2400

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable issues.

_____
Shimshon Wexler

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

# EXHIBIT A

# Kirschenbaum & Phillips, P.C.

*Attorneys at Law*
3000 Hempstead Turnpike, 4th Floor, Levittown NY 11756-1338

NYC Department of Consumer Affairs Lic. No. 1322856

Toll Free: (866) 746-1144   Telephone: (516) 746-1144   Fax (516) 742-2735

June 20, 2011

Soraya Vazquez
865 Amsterdam Ave Apt 1G
New York NY 10025-4443

Re:  Our File #:   C530943
     KMT ENTERPRISES, INC. A/A/O CHASE BANK USA, N.A.
     Soraya Vazquez
     Account #:  ************0905
     Current Balance:  $3,627.69

Dear Soraya Vazquez:

Our client has informed us of the outstanding balance on the above account and requested that we attempt to collect same. We are notifying you of this so that you may take the opportunity to resolve this matter in an amicable fashion.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification: and if you request the same, this office will provide you with the name and address of the original creditor if different from the current creditor.

**We are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

Kirschenbaum & Phillips, P.C.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Your account representative is MS. HENRY and can be reached at extension 2519.

***Detach Lower Portion and Return with Payment***

CCLKIRP01D30D



CLKIRP01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Re:  Our Client:   C530943
     Account #:   ************0905
     Current Balance:  $3,627.69

MAIL ALL CORRESPONDENCE TO:

Kirschenbaum & Phillips, P.C.
3000 Hempstead Turnpike
4th Floor
Levittown NY 11756-1338

June 20, 2011

************0905-D-30D-     568095749

Soraya Vazquez
865 Amsterdam Ave Apt 1G
New York NY 10025-4443

# *Kirschenbaum & Phillips, P.C.*

*Attorneys at Law*
3000 Hempstead Turnpike, 4th Floor, Levittown NY 11756-1338

NYC Department of Consumer Affairs Lic. No. 1322856

Toll Free: (866) 746-1144   Telephone: (516) 746-1144   Fax (516) 742-2735

July 25, 2011

Soraya Vazquez
865 Amsterdam Ave Apt 1G
New York NY 10025-4443

Re:  Our File #: C530943
     KMT ENTERPRISES, INC. A/A/O CHASE BANK USA, N.A.
     SORAYA VAZQUEZ

Dear Soraya Vazquez:

Please be advised that our client has authorized us to commence a lawsuit against you with respect to the above-referred to matter. An attorney in our office has reviewed the case and approved it for suit.

If you wish to contact us and discuss this matter before the commencement of the lawsiut, we encourage you to do so at this time. Your account representative is MR. ADAMS and can be reached at ext. 354.

Very truly yours,

Kirschenbaum & Phillips, P.C.

**WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

101CLKIRP01S-SUITLT



CLKIRP01
PO Box 1022
Wixom MI  48393-1022
ADDRESS SERVICE REQUESTED

July 25, 2011

\*\*\*\*\*\*\*\*\*\*\*\*0905-A-SUITLT-      590842402

Soraya Vazquez
865 Amsterdam Ave Apt 1G
New York NY 10025-4443

MAIL ALL CORRESPONDENCE TO:

Kirschenbaum & Phillips, P.C.
3000 Hempstead Turnpike
4th Floor
Levittown NY 11756-1338